# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY WEBB,<br><br>    Plaintiff,<br><br>    v.<br><br>L. CAHLANDER,<br><br>    Defendant. | Case No. 1:13-cv-01154-DLB PC<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION, WITH PREJUDICE**<br><br>(ECF Nos. 8 & 19) |

Plaintiff Michael Anthony Webb ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed July 25, 2013, against Defendant Cahlander for excessive force, in violation of the Eighth Amendment. On August 19, 2013 and December 27, 2013, Plaintiff filed motions seeking a preliminary injunction regarding access to his legal documents. (ECF Nos. 8 & 19.)

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at

1

376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

The issue is not that Plaintiff's allegations are not serious or that Plaintiff is not entitled to relief if sought in the proper forum.  The issue is that this action cannot be used by Plaintiff obtain the relief he seeks.  The seriousness of Plaintiff's allegations concerning access to his legal materials cannot and do not overcome what is a *jurisdictional* bar.  Steel Co., 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.")

Accordingly, Plaintiff's motions for preliminary injunctive relief, filed August 19, 2013 and December 27, 2013, are HEREBY DENIED, with prejudice, for lack of jurisdiction.

IT IS SO ORDERED.

Dated:  **February 7, 2014**                    /s/ *Dennis L. Beck*
                                               UNITED STATES MAGISTRATE JUDGE