UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY WEBB,<br><br>    Plaintiff,<br><br>    v.<br><br>L. CAHLANDER,<br><br>    Defendant. | Case No.: 1:13-cv-01154 DLB PC<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDCE<br>[ECF No. 29]<br><br>ORDER DIRECTING DEFENDANT TO FILE ANSWER |

    Plaintiff Michael Anthony Webb is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 25, 2013.[1] This action is proceeding against Defendant Cahlander for a claim of excessive force in violation of the Eighth Amendment.

    On April 18, 2014, Defendant filed a Rule 12(b)(6) Motion to Dismiss based on exhaustion.[2] Plaintiff opposed the motion on May 1, 2014, and Defendant filed his reply on May 7, 2014. Accordingly, the motion is deemed submitted pursuant to Local Rule 230(l).

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge.

[2] In Defendant's April 18, 2014, notice, filed concurrently with his Motion to Dismiss, Plaintiff was provided with notice of the requirements for opposing a motion to dismiss for failure to exhaust. Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003).

1

A.     **LEGAL STANDARD**

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002). An administrative grievance must alert the prison to the nature of the wrong for which redress is sought. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which the defendant has the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Defendant may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust without a valid excuse is clear on the face of the complaint, or (2) a motion for summary judgment. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (quotation marks omitted). If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

B.     **APPEALS PROCESS**

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. Prior to January 28, 2011, in order to exhaust all available remedies, an inmate was required to proceed through an informal level of review, and three formal levels of review, culminating in a third-level decision. Cal. Code Regs. tit. 15, § 3084.5 (Oct. 15, 2009). In order to satisfy section 1997e(a), California state prisoners are

required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201.

**C.    PLAINTIFF'S ALLEGATIONS**

Plaintiff is incarcerated at Corcoran State Prison ("CSP") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names L. Cahlander as the sole Defendant in this action.

Plaintiff alleges the following. On September 12, 2012, Plaintiff was in general population and walking back to his building. Defendant Cahlander grabbed Plaintiff on the back of his shirt without explanation and asked to search him. Defendant Cahlander walked out of the program office stating, "Get the fuck out of here." Plaintiff replied, "You don't have to talk to me like that." Defendant Cahlander grabbed and forcefully slammed Plaintiff to the ground. Defendant Cahlander placed his knee in Plaintiff's back while continuing to assault him by grabbing a fistful of his hair and forcing his head into the pavement numerous times.

**D.    DISCUSSION**

Defendant's motion is based on his contention that Plaintiff failed to exhaust his remedies at the third and final level of review. Defendant notes that throughout the complaint, Plaintiff states that his administrative process is incomplete and that his appeal is still pending at the third level. In Section II(C) of the form complaint, Plaintiff is asked whether the administrative process is complete. Plaintiff responds "Yes," but then explains that he filed appeals at the first level, which was bypassed, and then at the second level. Pl.'s Compl. at 2. He then responds, "No," and explains that the "appeal is at it's [sic] third level in Sacramento with other appeals regarding this case." Id. Later in the complaint, Plaintiff again addresses the subject of exhaustion. He states that he received a bypass on the first level, and then his appeal was partially granted at the second level; however, his "administrative remedies are at the Director's level of review." Id. at 9.

Based on these facts, Defendant correctly concludes that Plaintiff did not fully exhaust an appeal and the failure to exhaust is plain on the face of the complaint. Defendant has therefore met his burden as the moving party by demonstrating the absence of any evidence that complete exhaustion occurred prior to the initiation of this action. Wyatt, 315 F.3d at 1119.

1    Compliance with the exhaustion requirement requires prisoners to adhere to the deadlines and
2    other critical procedural rules, Woodford, 548 U.S. at 90, and the exhaustion requirement may not be
3    satisfied by filing an untimely or otherwise procedurally defective appeal, Woodford, 548 U.S. at 83-
4    84 (quotations omitted).  However, in this Circuit the failure to exhaust may be excused where the
5    administrative remedies are rendered effectively unavailable.  Sapp v. Kimbrell, 623 F.3d 813, 822-23
6    (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010); Brown v. Valoff, 422 F.3d
7    926, 939-40 (9th Cir. 2005).  The regulations governing administrative remedy processes apply with
8    equal force to inmates and prison officials, and thus, if an inmate complies with the procedural rules,
9    but prison officials fail to respond in compliance with the rules or otherwise thwart the process, it
10   becomes unavailable.  Sapp, 623 F.3d at 822-23; Nunez, 591 F.3d at 1224.

11   This exception applies if Plaintiff can show "(1) that he actually filed a grievance or grievances
12   that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim
13   that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or
14   grievances for reasons inconsistent with or unsupported by applicable regulations."  Sapp, 623 F.3d at
15   823-24.

16   In his statement in opposition, Plaintiff attempts to excuse his failure to exhaust by claiming
17   that Correctional Officer Blaylock accepted his appeals (#COR-13-00015 and 3A-13-04-018)
18   concerning Defendant Cahlander.  He then claims that "logic concludes that (she) C/O Blaylock didn't
19   place Plaintiff's mail in the mail bag."  Pl.'s Opp'n at 3.  Plaintiff alleges that "[t]his thwart act was
20   done to stop Plaintiff's staff complains upon defendant (Sergeant) L. Cahlander for injuries I received
21   from defendant's assaults upon Plaintiff."  Id. at 4.  As a result, Plaintiff argues that he was prevented
22   from submitting a complete appeals package due to officers' misconduct.  In support of his claim,
23   Plaintiff attaches a copy of an October 15, 2013, third level review decision to prove he had attempted
24   to exhaust his remedies.  Id. at 6-7.  In essence, Plaintiff claims the remedy was unattainable.

25   Defendant counters that Plaintiff's claims are not credible in light of the evidence submitted.
26   First, Defendant argues that Plaintiff made no such allegations in his complaint, and he did not state
27   why he failed to raise these new retaliation allegations in his complaint.  Second, Defendants argue
28   that the third level review decision (#COR-13-00015/OOA-13-01176) that Plaintiff submitted in

4

support of his allegation that he attempted to exhaust his remedies concerned a disciplinary appeal, not a staff complaint. Id. In other words, the review decision resolved an appeal taken by Plaintiff after a complaint was filed against him. Therefore, Defendant argues that the appeal could not pertain to the excessive force allegations raised in his complaint.

Defendant further argues that even assuming that the appeal concerned the instant allegations, the decision shows that the appeal was rejected as untimely. Defendant states Plaintiff received the second level of review decision on May 1, 2013, but the third level appeal package was not submitted until July 29, 2013, which was beyond the thirty day time deadline as set forth in Cal. Code Regs. Title 15, Section 3084.8(b). Id.

In order to decide Defendant's motion to dismiss, the Court would necessarily have to render a decision on the credibility of Plaintiff's exhaustion excuse. This decision would depend on reviewing evidence beyond the complaint itself. While Plaintiff's failure to exhaust may be clear from the face of the complaint, the parties have disputed material facts as to whether Plaintiff had a valid excuse for his failure to exhaust. In Albino, the Ninth Circuit determined that such an inquiry was beyond a Rule 12(b)(6) motion and must be raised in a motion for summary judgment.

Based on the foregoing, Defendant's motion to dismiss must be DENIED WITHOUT PREJUDICE. Defendant may raise his affirmative defense of exhaustion by way of a motion for summary judgment according to the Federal Rules.

### E. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's Motion to Dismiss, filed April 18, 2014, is DENIED WITHOUT PREJUDICE;

2. Defendant's Answer is due on or before thirty (30) days from the date of service of this Order.

IT IS SO ORDERED.

Dated:   **November 6, 2014**              /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE