# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY WEBB,<br><br>    Plaintiff,<br><br>vs.<br><br>L. CAHLANDER,<br><br>    Defendant. | 1:13-cv-01154 DLB PC<br><br>ORDER GRANTING DEFENDANT'S MOTIONS TO STRIKE SUR-REPLIES<br>[ECF Nos. 33, 36]<br><br>ORDER STRIKING PLAINTIFF'S SUR-REPLIES<br>[ECF No. 32, 35] |

    Plaintiff Michael Anthony Webb ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 28 U.S.C. § 1983.  Plaintiff filed this action on July 25, 2013.[1]

    On April 14, 2014, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff failed to exhaust his state remedies before bringing suit.  Plaintiff filed his opposition on May 1, 2014, and Defendant filed his reply on May 7, 2014.

    On May 29, 2014, Plaintiff filed a document entitled "Plaintiff Reply Back to Motion." (ECF No. 32.)  On October 14, 2014, Plaintiff filed a document entitled "Plaintiff Filing This Document With Exhibits to Opposition to Defendant's Motion(s) Relating to Exhaustion."

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge.

1

On June 4, 2014, and on October 28, 2014, Defendant filed motions to strike Plaintiff's additional filings as unauthorized sur-replies.

Parties do not have the right to file sur-replies and motions are deemed submitted when the time to reply has expired.  Local Rule 230(l).  The Court generally views motions for leave to file a sur-reply with disfavor.  Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)).  However, district courts have the discretion to either permit or preclude a sur-reply.  See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable sur-reply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file sur-reply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

In this instance, Plaintiff's sur-replies were not authorized by the Court and only serve to repeat arguments made in his opposition.  Accordingly, the Court GRANTS Defendant's motion to strike and STRIKES Plaintiff's May 29, 2014, and October 14, 2014, sur-replies (ECF Nos. 32, 35).

IT IS SO ORDERED.

Dated:   **November 6, 2014**                     /s/ *Dennis L. Beck*
                                                                UNITED STATES MAGISTRATE JUDGE