# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY WEBB,<br><br>    Plaintiff,<br><br>  v.<br><br>L. CAHLANDER,<br><br>    Defendant. | Case No. 1:13-cv-01154-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, WITH PREJUDICE<br>[ECF No. 44]<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>[ECF No. 52] |

Plaintiff Michael Anthony Webb ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed July 25, 2013, against Defendant Cahlander for excessive force, in violation of the Eighth Amendment.

On December 4, 2014, Plaintiff filed a motion seeking a preliminary injunction against Defendant Cahlander to prevent future threats and assaults. (ECF No. 44.) On December 16, 2014, Defendant filed an opposition to the motion.

On January 23, 2015, Plaintiff filed a motion for reconsideration of the Court's order denying counsel.

I.    Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff

1

seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Here, Plaintiff complains that Defendant Cahlander has a propensity to engage him, and Plaintiff has suffered physical assaults from Defendant Cahlander in the past. Plaintiff alleges that he continues to receive verbal threats from Defendant, and he requests a preliminary injunction to prevent future threats and assaults.

First, Plaintiff fails to establish that he is likely to succeed on the merits. In support of his argument, Plaintiff has submitted two exhibits which he argues demonstrates that Defendant Cahlander has assaulted him in the past. Neither exhibit supports Plaintiff's argument. The first exhibit concerns a Rules Violation Report issued for an assault by Plaintiff on Defendant Cahlander which resulted in the use of force. (ECF No. 44 at 6.) In that incident, Plaintiff refused Defendant Cahlander's order to move from an area. Defendant Cahlander ordered Plaintiff to submit to a clothed body search, and Plaintiff complied. During the search, Plaintiff spun on Defendant Cahlander and grabbed Cahlander's wrist. As a result, Defendant Cahlander took Plaintiff to the ground and held him in a prone position until other correctional officers arrived. The second exhibit describes an incident where Defendant Cahlander had just performed a clothed body search on Plaintiff. (ECF No. 44 at 13.) After the search, Plaintiff took a bladed stance and attempted to strike Defendant Cahlander's upper body with his right hand. Thus, the exhibits do not show that Plaintiff is likely to succeed on the merits. In fact, they tend to show instead that Plaintiff has a history of assaulting correctional officers.

Second, Plaintiff fails to show that he is likely to suffer irreparable harm in the future. At most, Plaintiff shows that he has been involved in incidents in the past with Defendant Cahlander. These past incidents tend to show only that Plaintiff has assaulted Defendant Cahlander. In any case, there is no foundation for his argument that he will suffer irreparable harm in the future without a preliminary injunction.

Third, the balance or equities do not tip in Plaintiff's favor. His allegations of future harm are completely speculative and without foundation. On the other hand, correctional officers are authorized to use force to subdue an attacker, overcome resistance, effect custody, or gain compliance with a lawful order. Cal. Code Regs. tit. 15, §§ 3005(b), 3268(a)(1).

Fourth, the public will not be served by the grant of injunctive relief. It is in the public interest that the CDCR and its employees be granted proper deference in management of prisons. Granting injunctive relief would involve the Court in management of the institution and would not better serve the public.

Accordingly, Plaintiff's motion for preliminary injunctive relief is DENIED.

II.     Motion for Reconsideration

Plaintiff requests reconsideration of the Court's order denying counsel.

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts

3

or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff requests that the Court reconsider the order denying counsel. Plaintiff states he has been having difficulties attending the law library because of lockdowns and closures. He also alleges counsel is necessary because of the attitudes of a "few officers [who have been] talking verbally behind [his] back." (ECF No. 52 at 2.) Finally, he claims he has paranoid thoughts, is under medication, and is a layman in the law. These arguments are completely insufficient to merit reconsideration. Most of these issues are shared by the prison population as a whole. They do not constitute extraordinary circumstances. Therefore, the motion for reconsideration is DENIED.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Plaintiff's motion for preliminary injunction is DENIED; and

2) Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **January 30, 2015**            /s/ *Dennis L. Beck*
                                                          UNITED STATES MAGISTRATE JUDGE