# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY WEBB, | Case No. 1:13-cv-01154 DLB PC |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST |
| v. | |
| L. CAHLANDER, et al., | [ECF No. 55] |
| Defendants. | |

**I.  Procedural History**

Plaintiff Michael Anthony Webb is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 25, 2013.[1] This action is proceeding against Defendant Cahlander for a claim of excessive force in violation of the Eighth Amendment.

On March 11, 2015, Defendant filed a Motion for Summary Judgment based on exhaustion. Plaintiff opposed the motion on April 6, 2015, and Defendant filed his reply on April 13, 2015. Accordingly, the motion is deemed submitted pursuant to Local Rule 230(l).

**II.  Applicable Law**

  A.  Standard of Review

Summary judgment is appropriate if, when viewing the evidence in the light most

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment in its favor as a matter of law.  Fed. R. Civ. P. 56(c); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir. 1989). Support and opposition to a motion for summary judgment is made by affidavit made on personal knowledge of the affiant, depositions, answers to interrogatories, setting forth such facts as may be admissible in evidence.  Fed. R. Civ. P. 56(e).  In response to a properly supported motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial.  Id.; Henderson v. City of Simi Valley, 305 F.3d 1052, 1055–56 (9th Cir. 2002).  The issue of material fact required to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.  In order to show that a genuine issue of material fact exists, a non-moving plaintiff must introduce probative evidence that establishes the elements of the complaint. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986).

Material facts are those which may affect the outcome of the case.  Id.  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party.  Id.  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment."  Id. at 255.  The evidence of the non-moving party is to be believed and all justifiable inferences are drawn in his favor.  Id.  The moving party has the burden of showing there is no genuine issue of material fact; therefore, he bears the burden of both production and persuasion.  Celotex Corp. v. Catrett, 477 U.S. 317, 322–323 (1986).  The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial.  The moving party need only point out to the Court that there is an absence of evidence to support the non-moving party's case.  Sluimer v. Verity, Inc., 606 F.3d 584, 586 (9th Cir. 2010); see Celotex, 477 U.S. at 325.  There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party

opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In general, in ruling on a motion for summary judgment, a court may not weigh the evidence or judge the credibility of witnesses. Dominguez-Curry v. Nevada Transp. Dept., 424 F.3d 1027, 1036 (9th Cir. 2005). Instead, it generally accepts as true statements made under oath. Earp v. Ornoski, 431 F.3d 1158, 1170 (9th Cir. 2005); see Williams v. Calderon, 48 F. Supp. 2d 979, 989 (C.D. Cal. 1998) (noting in the context of a habeas claim "[t]he Court is not to determine issues of credibility on a motion for summary judgment; instead, the truth of each party's affidavits is assumed"), *aff'd sub nom.* Williams v. Woodford, 384 F.3d 567 (9th Cir. 2004).

### B.  Exhaustion

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007) (citing Porter, 534 U.S. at 524). "Proper exhaustion" means "complet[ing] the administrative review process in accordance with the applicable rules." Bock, 549 U.S. at 218.

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino v. Baca, 747 F3d 1162, 1166 (9th Cir. 2014) (en banc), and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable." Id. This requires the plaintiff to "show more than the mere existence of a scintilla of evidence." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)). "To be available, a remedy must be available as

a practical matter, i.e., capable of use; at hand." Albino, 747 F3d at 1171 (quoting Brown v. Valoff, 422 F.3d 926, 936–37 (9th Cir. 2005) (internal quotation marks omitted)). "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

### III. Allegations Underlying Plaintiff's Legal Claims

Plaintiff is incarcerated at Corcoran State Prison ("CSP") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names L. Cahlander as the sole Defendant in this action.

Plaintiff alleges the following. On September 12, 2012, Plaintiff was in general population and walking back to his building. Defendant Cahlander grabbed Plaintiff on the back of his shirt without explanation and asked to search him. Defendant Cahlander walked out of the program office stating, "Get the fuck out of here." Plaintiff replied, "You don't have to talk to me like that." Defendant Cahlander grabbed and forcefully slammed Plaintiff to the ground. Defendant Cahlander placed his knee in Plaintiff's back while continuing to assault him by grabbing a fistful of his hair and forcing his head into the pavement numerous times.

### IV. Description of CDCR's Administrative Remedy Process

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). The administrative remedy process is initiated by submitting a CDCR Form 602 "Inmate/Parolee Appeal" within thirty calendar days (1) of the event or decision being appealed, (2) upon first having knowledge of the action or decision being appealed, or (3) upon receiving an unsatisfactory departmental response to an appeal filed. Tit. 15, §§ 3084.2(a), 3084.8(b)(1) (quotation marks omitted). The appeal must "describe the specific issue under

4

appeal and the relief requested," and the inmate "shall list all staff member(s) involved and shall describe their involvement in the issue." § 3084.2(a). Furthermore, the inmate "shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form Attachment." § 3084.2(a)(4).

## VI. Discussion

It is undisputed that Plaintiff submitted an inmate appeal on October 8, 2012, grieving the excessive force incident of September 12, 2012. The appeal was assigned "CSPC-2-12-06608." The appeal bypassed the informal and first level reviews, and on November 20, 2012, the appeal was partially granted at the second level review ("SLR"), in that the inquiry was completed and all issues were addressed. However, the SLR found that correctional staff did not violate CDCR policy.

It is undisputed that Plaintiff's excessive force claim was then submitted to the third level of review ("TLR") on November 30, 2012. Plaintiff alleges that the appeal was submitted by Correctional Counselor Critchlow without Plaintiff's third level response despite Plaintiff having informed her that he wanted to attach his response before the appeal's submission. On December 5, 2012, the Office of Appeals screened out the appeal for failure to attach required supporting documents. Plaintiff did not resubmit the appeal or make any attempt to resubmit the appeal. Therefore, Defendant has met his burden of proving there was an available administrative remedy, and that Plaintiff did not exhaust that remedy. Albino, 747 F3d at 1166, 1172.

The burden thus shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable." Id. Plaintiff presents several reasons why he should be excused from exhaustion. First, he claims Correctional Counselor Critchlow interfered with his appeal by submitting it without the required paperwork. Plaintiff then argues that he did not resubmit his appeal because prison officials withheld the original copies of his appeal from November 20, 2012, through June 5, 2013. In the same breath, Plaintiff argues he was afraid to pursue his appeal at the TLR for those six months because of alleged retaliations and reprisals that

would occur for filing grievances.

Plaintiff's claim of fear is completely belied by the fact that during those same six months, Plaintiff pursued numerous inmate appeals.  On February 25, 2013, he submitted an inmate appeal concerning missing personal property.  On March 26, 2013, he submitted an inmate appeal concerning allegations that Defendant falsified a report of an assault on a peace officer.  On April 26, 2013, he submitted an inmate appeal concerning allegations that Defendant had retaliated against him on April 7, 2013.  Thus, Plaintiff's claimed fear of reprisal as reason for his failure to pursue his remedy is implausible on its face, and he has submitted no evidence supporting his assertion.

As to Plaintiff's claim of interference by Critchlow, this reason would serve to explain why the initial appeal at the TLR was rejected.  However, it does not explain why he failed to resubmit it with the proper documents.

With regard to Plaintiff's allegation that officials withheld original copies of his appeal, Plaintiff fails to substantiate his claim with evidence in any manner.  He does not identify who these alleged correctional officers were, he does not explain why he did not submit a request to have his documents returned, and he fails to explain why he did not file a grievance contesting these officers' conduct.  At the same time, Plaintiff impliedly concedes that he could have pursued his appeal but did not because he was allegedly too afraid to do so.  Ultimately, the record contains no evidence of any efforts by Plaintiff to remedy the identified deficiencies and to properly resubmit his appeal to the TLR.

Therefore, Plaintiff fails to meet his burden of submitting evidence showing that "there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable."  Albino, 747 F3d at 1166, 1172.  Defendant is therefore entitled to summary judgment for failure to exhaust.  Fed. R. Civ. P. 56; Albino, 747 F.3d at 1166.

**VII.    Other Arguments**

In his opposition, Plaintiff raises a new retaliation claim.  He alleges that Defendant filed a grievance against him in retaliation which chilled his First Amendment rights.  Defendant is correct that Plaintiff cannot raise a new theory of liability in his opposition to a motion for

summary judgment or summary adjudication. Torres v. City of Madera, 655 F. Supp. 2d 1109, 1128 (E.D. Cal. 2009), *rev'd and remanded*, 648 F.3d 1119 (9th Cir. 2011); Harris Technical Sales, Inc. v. Eagle Test Systems, Inc., 2008 WL 343260, *17 (D.Ariz.2008); Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co., Inc., 520 F.Supp.2d 1184, 1193 n. 9 (C.D.Cal.2007); Gorman v. Wolpoff & Abramson, LLP, 435 F.Supp.2d 1004, 1011 (N.D.Cal.2006), *reversed in part on other grounds by* Gorman v. Wolpoff & Abramson, LLP, 552 F.3d 1008 (9th Cir.2009); Matthews v. Xerox Corp., 319 F.Supp.2d 1166, 1172 (S.D.Cal.2004). Since Plaintiff's retaliation claim was not raised in his complaint, it is inappropriate to consider it here.

Plaintiff also presents several documents such as declarations from an inmate named S.L. Williams, a list of names of eyewitnesses to the alleged incident, and a declaration signed by inmates who believe their attempts to file grievances were impeded. These exhibits are irrelevant insofar as they have no bearing on the issues herein.

**VIII.   Order**

For the reasons set forth herein, IT IS HEREBY ORDERED that Defendant's motion for summary judgment for failure to exhaust is GRANTED.  The Clerk of Court is DIRECTED to terminate the case in its entirety.

IT IS SO ORDERED.

Dated:   **October 27, 2015**                        /s/ *Dennis L. Beck*
                                                  UNITED STATES MAGISTRATE JUDGE